IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF OHIO AND JENNIFER KUCERA,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FRANK LAROSE, in his official capacity as Ohio Secretary of State; DAVID YOST, in his official capacity as Attorney General of Ohio; MICHAEL O'MALLEY, in his official capacity as County Prosecutor of Cuyahoga County;<br><br>　　　　Defendant. | Civil Action No. 1:23-cv-02414<br><br>Judge Bridget Meehan Brennan<br><br>Magistrate Judge Jonathan D. Greenberg |

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE BY
THE REPUBLICAN NATIONAL COMMITTEE AND
THE OHIO REPUBLICAN PARTY**

　　The Republican National Committee and the Ohio Republican Party (collectively, the "Proposed Intervenors") respectfully move to intervene to defend against Plaintiffs' challenge to various provisions in Ohio's election code (the "Challenged Provisions"). *See* Compl. ¶ 3. The Proposed Intervenors support Ohio's reasonable, neutral, and effective election provisions contained in the Challenged Provisions, which ensure not only that it remains "easy to vote in Ohio," *Ohio Dem. Party v. Husted*, 834 F.3d 620, 628 (6th Cir. 2016), but also that Ohio's elections are secure and trusted by voters across the political spectrum. The Proposed Intervenors therefore seek to intervene to defend their substantial interest in the outcome of this litigation.

　　This Court should grant the Proposed Intervenors' motion to intervene, whether as a matter of right or discretion. Indeed, just last year, this Court granted the Ohio Republican Party's motion to intervene in another case challenging Ohio's recently enacted HB 458, one of the statutes Plaintiffs challenge here. *See, e.g.*, *Northeast Ohio Coal. for the Homeless v. LaRose*, No. 1:23-

cv-00026, 2023 WL 2991932 (N.D. Ohio April 18, 2023). This Court's grant of intervention in that case comports with the general trend of courts—including this Court—routinely granting intervention to political parties in cases challenging election laws under which political parties, their voters, and their candidates exercise their constitutional rights to participate in elections. *See, e.g.*, *A. Philip Randolph Inst. v. LaRose*, No. 1:20-cv-1908, 2020 WL 5524842 (N.D. Ohio Sept. 15, 2020); *League of Women Voters of Ohio v. LaRose*, No. 2:20-cv-3843, Dkt. No. 35 (S.D. Ohio Sept. 4, 2020); *Priorities USA v. Nessel*, No. 19-cv-13341, 2020 WL 2615504 (E.D. Mich. May 22, 2020); *Miller v. Blackwell*, 348 F. Supp. 2d 916, 918 n.3 (S.D. Ohio 2004).

Here as well, the Proposed Intervenors seek to protect their interests in preventing changes to the "competitive environment" of elections. *See Shays v. FEC*, 414 F.3d 76, 85 (D.C. Cir. 2005). As many courts have recognized, the Proposed Intervenors have a substantial and particularized interest in defending actions like this one to preserve the electoral environment and to ensure that Ohio carries out free, fair, and trusted elections. The Proposed Intervenors also seek to protect their members' votes against dilution from the counting of invalid ballots in contravention of the Challenged Provisions' requirements, and seek certainty regarding their members' rights and obligations if they choose to exercise their statutory right to vote by methods affected by the Challenged Provisions. *See* R.C. § 3509.01.

The Proposed Intervenors accordingly have a right to intervene because this motion is timely and they have a substantial interest in the validity of the Challenged Provisions that they can protect only by participating in this case. *See* Fed. R. Civ. P. 24(a)(2). Alternatively, the Court should exercise its discretion to allow the Proposed Intervenors to intervene because their defenses address questions before the Court. *See* Fed. R. Civ. P. 24(b). As required by Rule 24(c), the Proposed Intervenors have attached a proposed Answer to Plaintiffs' Complaint.

**BACKGROUND**

**The Republican National Committee**. The Republican National Committee ("RNC") is the national committee of the Republican Party as defined by 52 U.S.C. § 30101(14). The RNC manages the Republican Party's business at the national level, including development and promotion of the Party's national platform and fundraising and election strategies; supports Republican candidates for public office at all levels across the country, including those on the ballot in Ohio; and assists state parties throughout the country, including the Ohio Republican Party, to educate, mobilize, assist, and turn out voters. The RNC has made significant contributions and expenditures in support of Republican candidates up and down the ballot and in mobilizing and educating voters in Ohio in the past many election cycles and intends to continue doing so in 2024 and beyond. The RNC has a substantial and particularized interest in ensuring that Ohio carries out free and fair elections.

**The Ohio Republican Party.** The Ohio Republican Party is a "[m]ajor political party" as defined by Ohio Revised Code § 3501.01(F)(1). Its general purpose is to promote and assist Republican candidates who seek election or appointment to partisan federal, state, or local offices in Ohio. It works to accomplish this purpose by, among other things, devoting substantial resources toward educating, mobilizing, assisting, and turning out voters in Ohio. The Ohio Republican Party has made significant contributions and expenditures to support Republican candidates in Ohio for many election cycles and is doing so again for future elections. It has a substantial interest in ensuring that Ohio runs free, fair, and trusted elections under Ohio law.

The Ohio Republican Party regularly recruits and trains election workers and engages in voter education and turnout efforts. On behalf of its members, who may be voters or election workers, the Ohio Republican Party has a particularized interest in knowing the exact requirements

for mailing or dropping off ballots, and for judging those ballots, so that those members may accurately carry out their obligations as voters and election workers.

*Procedural Background.*  This case is in its infancy.  Plaintiffs filed this lawsuit on December 19, 2023.  The defendants have yet to appear or answer.  The Proposed Intervenors seek to intervene at this very early stage to protect their interests and to avoid any prejudice or delay to the parties and the Court's resolution of this case.

## ARGUMENT

Whether as of right or as a matter of discretion, this Court should grant the Proposed Intervenors' motion under Rule 24.

**A.  The Proposed Intervenors Have a Right to Intervene Under Rule 24(a).**

The "court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede [their] ability to protect [their] interest[s], unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).  Federal courts have long applied Rule 24 "in favor of potential intervenors," *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991), because a person should not "be deprived of his or her legal rights in a proceeding to which such person is neither a party nor summoned to appear," *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).  This principle carries even more force in election-law cases, "and for good reason—the right to vote 'is regarded as a fundamental political right, because [it is] preservative of all rights.'" *Serv. Emps. Int'l Union Local 1 v. Husted*, 515 F. App'x 539, 543 (6th Cir. 2013) (per curiam) (quoting *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886)).

A proposed intervenor satisfies Rule 24(a) if:  (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the case; (3) the proposed intervenor's ability to protect its interest will be impaired without intervention; and (4) the existing parties may not

4|

adequately represent the proposed intervenor's interest. *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999); *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997), *aff'd,* 215 F.3d 1327 (2000). The Proposed Intervenors meet each requirement.

### 1. This motion is timely.

The Sixth Circuit considers several factors when evaluating the timeliness of a motion to intervene, including: (1) the point to which the case has progressed; (2) the purpose for intervention; (3) when the intervenors knew or should have known of their interest in the case; (4) prejudice to the parties; and (5) any unusual circumstances that support (or cut against) intervention. *See Jansen*, 904 F.2d at 340. No factor is dispositive; rather, a court evaluates timeliness "in the context of all relevant circumstances." *Id.*

The Proposed Intervenors' motion to intervene could scarcely be more timely. This case has just begun. Plaintiffs filed their complaint less than one month ago on December 19, 2023. The named defendants have yet to submit an answer and no discovery has been conducted— indeed, "[i]t is difficult to imagine a more timely intervention." *See Priorities USA v. Benson*, 448 F. Supp. 3d 755, 763 (E.D. Mich. 2020) (granting motion to intervene filed 20 business days after complaint and before named defendant responded to complaint); *see also Blount-Hill v. Ohio*, 244 F.R.D. 399, 402 (S.D. Ohio 2005), *aff'd,* 195 F. App'x 482 (Fed. Cir. 2006) (granting motion to intervene filed "nearly five months after the Plaintiffs' Complaint was filed" where "[l]ittle discovery has been conducted"); *see also Nessel*, 2020 WL 2615504, at *2–3 (granting intervention where "little to no discovery has taken place"). In short, "nothing has happened in this case" yet, "so no party is prejudiced by the timing." *In re 2016 Primary Election*, No. 16-mc-5, 2016 WL 1392498, at *2 (S.D. Ohio Apr. 8, 2016). The Proposed Intervenors will abide by any schedule the Court sets in this case. And by moving to intervene at this "initial stage," the Proposed

Intervenors will not delay the proceedings. *See Miller*, 103 F.3d at 1245; *Priorities USA* , 448 F. Supp. 3d at 762–63 .

2. **The Proposed Intervenors have a substantial legal interest.**

The Proposed Intervenors also have a substantial legal interest in this case. The Sixth Circuit subscribes to a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter*, 188 F.3d at 398 (citation omitted). An intervenor's interest in the case need not, for example, satisfy the requirements for standing. *See Miller*, 103 F.3d at 1245. And courts should resolve "close cases" "in favor of recognizing an interest under Rule 24(a)." *Id.* at 1247.

Given political parties' unique interest in elections, usually "[n]o one disputes" that they "meet the impaired-interest requirement for intervention as of right." *Citizens United v. Gessler*, No. 14-cv-2266, 2014 WL 4549001, at *2 (D. Colo. Sept. 15, 2014). And as in previous election cases, there can be "no dispute that the Ohio Republican Party ha[s] an interest in the subject matter of this case, given the fact that changes in voting procedures could affect candidates running as Republicans and voters who were members of the Ohio Republican Party." *Ohio Democratic Party v. Blackwell*, No. 2:04-cv-1055, 2005 WL 8162665, at *2 (S.D. Ohio Aug. 26, 2005). As evidenced in the lengthy footnote below, courts across the country and in Ohio—including this Court—in particular have recognized that political party committees, including RNC and the Ohio Republican Party, have a substantial interest in intervening in cases implicating elections laws and procedures.[1] Simply put, Plaintiffs' lawsuit could "chang[e] the results of elections"—they ask

---

[1] *See, e.g.*, *NEOCH v. LaRose*, No. 1:23-cv-26 (N.D. Ohio Apr. 18, 2023) (granting intervention to the Ohio Republican Party); *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299 (5th Cir. 2022) (granting intervention of right to county party committees, RNC, National Republican Senatorial Committee, and National Republican Congressional Committee); *United States v. Georgia*, No. 1:21-cv-2575 (N.D. Ga. July 12, 2021) (granting intervention to the RNC, NRSC, and Georgia Republican Party); *Concerned Black Clergy of Metro. Atlanta, Inc. v. Raffensperger*, No. 1:21-cv-1728 (N.D. Ga. June 21, 2021) (granting intervention to the RNC, NRSC, NRCC, and Georgia Republican Party); *Coalition for Good Governance v. Raffensperger*,

the Court to enjoin Ohio law governing voting procedures—thus directly affecting Republican National Committee and Ohio Republican Party voters and candidates, as well as Ohio Republican Party members. *Benson*, 448 F. Supp. 3d at 764. And the Proposed Intervenors both have a substantial interest in preventing changes to the "competitive environment" of elections. *See Shays*, 414 F.3d at 85. Because the Proposed Intervenors' candidates seek election "in contests

---

No. 1:21-cv-02070 (N.D. Ga. June 21, 2021) (same); *New Georgia Project v. Raffensperger*, No. 1:21-cv-1229, 2021 WL 2450647 (N.D. Ga. June 4, 2021) (same); *Ga. State Conf. of the NAACP v. Raffensperger*, No. 1:21-cv-1259 (N.D. Ga. June 4, 2021) (same); *Sixth Dist. of the African Methodist Episcopal Church v. Kemp*, No. 1:21-cv-1284 (N.D. Ga. June 4, 2021) (same); *Asian Ams. Advancing Justice-Atlanta v. Raffensperger*, No. 1:21-cv-1333 (N.D. Ga. June 4, 2021) (same); *VoteAmerica v. Raffensperger*, No. 1:21-cv-1390 (N.D. Ga. June 4, 2021) (same); *Wood v. Raffensperger*, No. 1:20-cv-5155 (N.D. Ga. Dec. 22, 2020) (granting intervention to the DSCC and Democratic Party of Georgia); *Alliance for Retired Americans v. Dunlap*, No. CV-20-95 (Me. Super. Ct. Aug. 21, 2020) (granting intervention to the RNC, NRSC, and Republican Party of Maine); *Mi Familia Vota v. Hobbs*, Doc. 25, No. 2:20-cv-1903 (D. Ariz. June 26, 2020) (granting intervention to the RNC and NRSC); *Ariz. Democratic Party v. Hobbs*, Doc. 60, No. 2:20-cv-1143-DLR (D. Ariz. June 26, 2020) (granting intervention to the RNC and Arizona Republican Party); *Swenson v. Bostelmann*, Doc. 38, No. 20-cv-459 (W.D. Wis. June 23, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); *Edwards v. Vos*, Doc. 27, No. 20-cv-340 (W.D. Wis. June 23, 2020) (same); *League of Women Voters of Minn. Ed. Fund v. Simon*, Doc. 52, No. 20-cv-1205 ECT/TNL (D. Minn. June 23, 2020) (granting intervention to the RNC and Republican Party of Minnesota); *Issa v. Newsom*, No. 20-cv-1044, 2020 WL 3074351, at *4 (E.D. Cal. June 10, 2020) (granting intervention to the DCCC and Democratic Party of California); *Nielsen v. DeSantis*, Doc. 101, No. 4:20-cv-236-RH (N.D. Fla. May 28, 2020) (granting intervention to the RNC, NRCC, and Republican Party of Florida); *Priorities USA v. Nessel*, No. 19-cv-13341, 2020 WL 2615504, at *5 (E.D. Mich. May 22, 2020) (granting intervention to the RNC and Republican Party of Michigan); *Thomas v. Andino*, 335 F.R.D. 364, 367 (D.S.C. 2020) (granting intervention to the South Carolina Republican Party); *Corona v. Cegavske*, Order Granting Mot. to Intervene, No. CV 20-OC-644-1B (Nev. Jud. Dist. Ct. Apr. 30, 2020) (granting intervention to the RNC and Nevada Republican Party); *League of Women Voters of Va. v. Va. State Bd. of Elections*, Doc. 57, No. 6:20-cv-24 (W.D. Va. Apr. 29, 2020) (granting intervention to the Republican Party of Virginia); *Paher v. Cegavske*, No. 20-cv-0243, 2020 WL 2042365, at *2 (D. Nev. Apr. 28, 2020) (granting intervention to four Democratic Party entities); *Democratic Nat'l Comm. v. Bostelmann*, No. 20-cv-249, 2020 WL 1505640, at *5 (W.D. Wis. Mar. 28, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); *Gear v. Knudson*, Doc. 58, No. 3:20-cv-278 (W.D. Wis. Mar. 31, 2020) (same); *Lewis v. Knudson*, Doc. 63, No. 3:20-cv-284 (W.D. Wis. Mar. 31, 2020) (same); *see also Democratic Exec. Cmte. of Fla. v. Detzner*, No. 4:18-cv-520-MW-MJF (N.D. Fla. Nov. 9, 2018) (granting intervention to the NRSC).

governed by the challenged rules," they have an interest in "demand[ing] adherence" to those requirements. *Id.* at 88.

Moreover, the Ohio Republican Party regularly recruits and trains election workers and engages in voter education and turnout efforts. On behalf of its members who are voters or election workers, the Ohio Republican Party has a particularized interest in knowing the exact requirements for mailing or dropping off ballots, and for judging those ballots, so that those members may accurately carry out their obligations as voters and election workers. *See La Union del Pueblo Entero*, 29 F.4th at 306; *Berger v. N.C. St. Conf. of the NAACP*, 142 S. Ct. 2191, 2203 (2022) ("[A] full consideration of the State's practical interests may require the involvement of different voices with different perspectives.").

The Ohio Republican Party also has a significant interest in maintaining certainty among its members, as voters, regarding their rights and obligations if they choose to exercise their statutory right to vote by absentee or mail-in ballot, or to assist a family member in voting by absentee or mail-in ballot. *See* R.C. § 3509.01. The Ohio Republican Party also has an interest through its members, as voters, in preventing their votes from being "debase[d] or dilute[ed]" by the counting of invalid ballots. *Reynolds v. Sims*, 377 U.S. 533, 555 (1964); *see Bush v. Gore*, 531 U.S. 98, 105 (2000); *see also, e.g.*, *Miller*, 348 F. Supp. 2d at 918 n.3 (granting intervention as of right to individual voters as third-party defendants, including so they could defend the law to "prevent possible dilution of their own votes").

RNC and the Ohio Republican Party therefore both satisfy Rule 24(a)'s interest requirement.

3.  **The Proposed Intervenors' ability to protect their interests will be harmed if they cannot intervene.**

The Proposed Intervenors' ability to protect these interests may well hinge on intervention, which satisfies the third prong of the intervention analysis. "[A] would-be intervenor must show only that impairment of its substantial legal interest is *possible* if intervention is denied." *Miller*, 103 F.3d at 1247 (emphasis added). "This burden is minimal." *Id.*

The Proposed Intervenors clear this low hurdle. Without intervention, they have no way to "defend their concrete interests" in, among other things, ensuring fair and orderly elections conducted in accordance with established rules. *Shays*, 414 F.3d at 86. Plaintiffs' suit could "fundamentally alter the environment" for future elections by changing Ohio's voting rules. *Id.* For example, Plaintiffs seek an injunction preventing the named defendants from enforcing a provision of R.C. § 3509.05(C)(1) that governs who may return ballots for a voter and asks the Court to expand this list seemingly without limit. Enjoining enforcement of this provision, by expanding the list of people eligible to return another's ballot, could force RNC and the Ohio Republican Party to face a "broader range of competitive tactics than" the State "would otherwise allow," *Shays*, 414 F.3d at 86, and it could directly prejudice certain candidates in future elections. An injunction could likewise dilute the votes of Ohio Republican Party members by requiring Ohio to count invalid ballots and by permitting an increased risk of voter fraud and other irregularities. It is thus at least "possible" that the Proposed Intervenors' interests would be impaired "if intervention is denied." *Miller*, 103 F.3d at 1247.

4.  **The existing parties do not adequately represent the Proposed Intervenors' interests.**

None of the existing parties adequately represent the Proposed Intervenors' interests. As with the previous requirement, the burden to show inadequate representation "should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). The mere

"potential for inadequate representation" is enough. *Grutter*, 188 F.3d at 400; *Trbovich*, 404 U.S. at 538 n.10. And, consistent with the overall approach to Rule 24, "all reasonable doubts should be resolved" in favor of intervention. 7C Mary Kay Kane, *Federal Practice and Procedure* § 1909 (3d ed. 2020).

The other defendants, which are all government entities, might not adequately represent the Proposed Intervenors' interests. Courts across the country have "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors." *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003). That is true here. The generalized law-enforcement interests of Secretary LaRose, Attorney General Yost, and County Prosecutor O'Malley are distinct from the Proposed Intervenors' private interests. *See Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1255–56 (10th Cir. 2001). The governmental defendants have no interest in, for example, electing particular candidates across a wide variety of elections. *Cf. Sierra Club v. Glickman*, 82 F.3d 106, 110 (5th Cir. 1996) (per curiam). They also must consider a "broad spectrum of views, many of which may conflict" with the Proposed Intervenors' specific and targeted interests. *Clinton*, 255 F.3d at 1256. These may include the "expense of defending" the current laws, *Clark v. Putnam Cnty.*, 168 F.3d 458, 461–62 (11th Cir. 1999); the "social and political divisiveness of the election issue," *Meek v. Metropolitan Dade Cnty.*, 985 F.2d 1471, 1478 (11th Cir. 1993), *abrogated on other grounds by Dillard v. Chilton Cnty. Comm'n*, 495 F.3d 1324 (11th Cir. 2007) (per curiam); and the interests of opposing parties, *In re Sierra Club*, 945 F.2d 776, 779–80 (4th Cir. 1991). These broader interests may affect the way they go about defending the case. *See La Union del Pueblo Entero*, 29 F.4th at 308 (granting intervention because "the Committees' private interests are different in kind from the public interests of the State or its officials," which might lead to differences in litigation strategy). The Proposed

Intervenors will instead focus on their private interests, which may well diverge from the governmental defendants' public interests. *See Cleveland Cnty. Ass'n for Gov't by the People v. Cleveland Cnty. Bd. of Comm'rs*, 142 F.3d 468, 474 (D.C. Cir. 1998) (per curiam). This potential for inadequate representation is plenty to justify intervention under Rule 24(a).

With all of the requirements of Rule 24(a) mandatory intervention met, this Court should grant the Proposed Intervenors' motion.

**B.      Alternatively, the Court Should Grant the Proposed Intervenors Permissive Intervention.**

Even if the Court disagrees that intervention of right is warranted, it should permit the Proposed Intervenors to intervene as a matter of discretion under Rule 24(b), in which case this motion may be granted without addressing the Rule 24(a) factors. *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018).

Rule 24(b) authorizes courts to "permit anyone to intervene who, [o]n timely motion . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is within the Court's discretion. *League of Women Voters*, 902 F.3d at 577. "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Permissive intervention is amply justified here.

*First*, as explained above, this motion is timely. The Sixth Circuit uses the same timeliness factors for Rule 24(a) and Rule 24(b), *see Blount-Hill v. Zelman*, 636 F.3d 278, 284, 287–88 (6th Cir. 2011), and there should be no dispute that this motion is timely under those factors.

*Second*, the Proposed Intervenors will raise defenses that share many common questions with the parties' claims and defenses. Plaintiffs allege that the Challenged Provisions are

11|

unconstitutional and otherwise unlawful. Proposed Intervenors disagree and contend that the Challenged Provisions are valid and enforceable. Plaintiffs' requested relief could also undermine the Proposed Intervenors' interests. The questions of law and fact that the Proposed Intervenors will raise overlap with the issues already before the Court, and the Proposed Intervenors will add a unique perspective on those issues and to this case. *See Berger*, 142 S. Ct. at 2203; *League of Women Voters*, 902 F.3d at 577; *see also, e.g.*, *Yang v. Kellner*, No. 20 Civ. 3325, 2020 WL 2115412, at *2 (S.D.N.Y. May 3, 2020); *City of Greensboro v. Guilford Cnty. Bd. of Elections*, No. 15-cv-559, 2015 WL 12752936, at *1 (M.D.N.C. Oct. 30, 2015). Indeed, in the other recent case challenging provisions of HB 458, this Court granted summary judgment on bases advocated by the Ohio Republican Party as an intervenor-defendant. *See NEOCH v. LaRose*, No. 1:23-cv-26, ECF No. 74 (N.D. Ohio Jan. 8, 2024) (granting summary judgment motions filed by Secretary LaRose and intervenor-defendants).

*Third*, the Proposed Intervenors' intervention will not delay this case or prejudice the original parties. This case has only just begun and intervention should impose no delays. Allowing intervention would prevent piecemeal litigation and the need for collateral challenges to a settlement or appeals from an order that may prejudice them.

## **CONCLUSION**

For these reasons, the Proposed Intervenors respectfully ask the Court to grant their motion to intervene as defendants in this case.

Dated: January 19, 2024               Respectfully submitted,

/s/  Jesse T. Wynn
Sarah Welch (99171)
E-mail: swelch@jonesday.com
Jesse T. Wynn (101239)
E-mail: jwynn@jonesday.com
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, OH 44114
Telephone:  (216) 586-3939
Facsimile:   (216) 579-0212

John M. Gore*
E-mail: jmgore@jonesday.com
E. Stewart Crosland*
E-mail: scrosland@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Attorneys for Proposed Intervenors*

\**Pro hac vice* application forthcoming

## CERTIFICATE OF SERVICE

    I certify that on January 19, 2024, a copy of the foregoing Motion to Intervene was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                            /s/ Jesse T. Wynn
                                            Jesse T. Wynn
                                            *Attorney for Proposed Intervenors*