**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO,
EASTERN DIVISION**

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF OHIO, et al., | : | |
| | : | |
| *Plaintiffs*, | : | Case No. 1:23-cv-2414 |
| | : | |
| v. | : | JUDGE BRIDGET M. BRENNAN |
| | : | |
| FRANK LaROSE, et al., | : | |
| | : | |
| *Defendants*, | : | |
| | : | |
| and | : | |
| | : | |
| REPUBLICAN NATIONAL COMMITTEE and OHIO REPUBLICAN PARTY, | : | |
| | : | |
| *Intervenor-Defendants*. | : | |

---

**AMENDED ANSWER OF DEFENDANTS OHIO SECRETARY OF STATE FRANK
LaROSE AND OHIO ATTORNEY GENERAL DAVE YOST**

---

Now come Defendants Ohio Secretary of State Frank LaRose and Ohio Attorney General
Dave Yost, and for their Amended Answer to Plaintiffs' Complaint, state as follows:

1.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the
allegations in Paragraph 1, and therefore, those allegations are denied.

2.  Defendants deny that HB 458 places an unlawful burden on the right to vote. As to the
remaining allegations in Paragraph 2, HB 458 speaks for itself, and no further response is required.
To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3.  HB 458 and the cited statutes speak for themselves, and no response is required. To the
extent a response is required, Defendants deny the allegations in Paragraph 3.

4.   Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 4.

5.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore, those allegations are denied.

6.   Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 6.

7.   Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 7.

8.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore, those allegations are denied.

9.   Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore, those allegations are denied.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore, those allegations are denied.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore, those allegations are denied.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore, those allegations are denied.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 15.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 17.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 19.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 20.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 21.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 22.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 23.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore, those allegations are denied.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants admit that Plaintiffs assert the claims described in Paragraph 26, but Defendants deny that Plaintiffs are entitled to any relief.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 28.

29. Defendants admit that Cuyahoga County Prosecutor Michael O'Malley's principal place of business is within this judicial district. The remaining allegations contain legal conclusions to which no response is required.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 30.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore, those allegations are denied.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore, those allegations are denied.

33. Defendants admit that Jennifer Kucera is registered to vote in Cuyahoga County, Ohio. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and therefore, those allegations are denied.

34. The allegations in Paragraph 34 relating to Secretary of State LaRose's elections authority are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 34 relating to Secretary of State LaRose's election authority. Defendants admit the remaining allegations in Paragraph 34.

35. The allegations in Paragraph 35 relating to Attorney General Yost's prosecutorial authority are legal conclusions to which no response is required. To the extent a response is required,

Defendants deny the allegations in Paragraph 35 relating to Attorney General Yost's prosecutorial authority. Defendants admit the remaining allegations in Paragraph 35.

36. The allegations in Paragraph 36 relating to Cuyahoga County Prosecutor O'Malley's prosecutorial authority are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 36 relating to Cuyahoga County Prosecutor O'Malley's prosecutorial authority. Defendants admit the remaining allegations in Paragraph 36.

37. Defendants admit that Governor DeWine signed H.B. 458 into law on January 6, 2023 and that it became effective on April 7, 2023. Further answering, H.B. 458 speaks for itself and no further response is required.

38. In response to the allegations in Paragraph 38, Ohio Rev. Code § 3509.05 speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 38.

39. In response to the allegations in Paragraph 38, H.B. 458 and Ohio Rev. Code § 3599.21 speak for themselves and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 39.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore, those allegations are denied.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore, those allegations are denied.

42. Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 42.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 43.

44. Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 44.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 45.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore, those allegations are denied.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore, those allegations are denied.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore, those allegations are denied.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore, those allegations are denied.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore, those allegations are denied.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore, those allegations are denied.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore, those allegations are denied.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and therefore, those allegations are denied.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore, those allegations are denied.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and therefore, those allegations are denied.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore, those allegations are denied.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, including its subparts, and therefore, those allegations are denied.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore, those allegations are denied.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore, those allegations are denied.

60. Defendants deny the allegations in Paragraph 60.

61. In response to the allegations in Paragraph 61, the April 25 letter speaks for itself, and no response is required. Any remaining allegations in Paragraph 61 are denied.

62. In response to the allegations in Paragraph 62, the April 28 letter speaks for itself, and no response is required. Further answering, Defendants deny that the Secretary's Office does not make accommodations for voters with disabilities. Any remaining allegations in Paragraph 62 are denied.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 relating to Ms. Kucera's family members, and therefore, those allegations are denied. The remaining allegations in Paragraph 63 contain legal conclusions to

which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 63.

64. Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 64.

65. Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 65.

66. Paragraph 66 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66.

67. Paragraph 67 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 67.

68. Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 68.

69. In response to the allegations in Paragraph 69, the April 25 letter speaks for itself, and no response is required. Any additional allegations in Paragraph 69 are denied.

70. In response to the allegations in Paragraph 70, the April 25 letter speaks for itself, and no response is required. Any additional allegations in Paragraph 70 are denied.

71. In response to the allegations in Paragraph 71, the April 25 letter speaks for itself, and no response is required. Any additional allegations in Paragraph 71 are denied.

72. In response to the allegations in Paragraph 72, the April 28 letter speaks for itself, and no response is required. Any additional allegations in Paragraph 72 are denied.

73. Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 73.

74. Paragraph 74 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74.

75. Paragraph 75 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 75.

76. Paragraph 76 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 76.

77. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and therefore, those allegations are denied.

78. Defendants admit that H.B. 458 implemented a photo identification requirement for in-person voting.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 78, and therefore, those allegations are denied.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and therefore, those allegations are denied.

80. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and therefore, those allegations are denied.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and therefore, those allegations are denied.

82. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and therefore, those allegations are denied.

83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and therefore, those allegations are denied.

84. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and therefore, those allegations are denied.

85. Paragraph 85 contains legal conclusions to which no response is required. Further answering, the cited statutes speak for themselves, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85.

86. Paragraph 86 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 86.

87. Paragraph 87 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 87.

88. Paragraph 88 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 88.

89. Paragraph 89 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 89.

90. Paragraph 90 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 90.

91. In response to Paragraph 91, Directive 2023-03 speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 91.

92. Defendants deny that Directive 2023-03 involves the administration or enforcement of Ohio Rev. Code §§ 3509.05(C)(1) or 3599.21(A)(9)-(10). The remaining allegations in Paragraph

92 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

94. Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 94.

95. Paragraph 95 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

97. Defendants admit that Defendant O'Malley serves as the county prosecutor in Cuyahoga County. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97, and therefore, those allegations are denied.

98. Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 98.

99. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and therefore, those allegations are denied.

100. Paragraph 100 contains legal conclusions to which no response is required. Further answering, the cited case speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 100.

101. Paragraph 101 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 101.

102. Paragraph 102 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 102.

103.     Paragraph 103 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 103.

104.     Paragraph 104 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 104.

105.     Paragraph 105 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 105.

106.     Defendants deny the allegations in Paragraph 106.

107.     Defendants incorporate all answers and defenses in the preceding paragraphs.

108.     Defendants admit that Plaintiffs bring the action described in Paragraph 108 but deny that Plaintiffs are entitled to any relief.

109.     Paragraph 109 contains legal conclusions to which no response is required.

110.     Paragraph 110 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 110.

111.     Paragraph 111 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 111.

112.     Paragraph 112 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 112.

113.     Paragraph 113 contains legal conclusions to which no response is required. Further answering, the cited regulation speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 113.

114.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and therefore, those allegations are denied.

115.     Defendants admit that Jennifer Kucera is a registered voter in Ohio. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115, and therefore, those allegations are denied.

116.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and therefore, those allegations are denied.

117.     Paragraph 117 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 117.

118.     Paragraph 118 contains legal conclusions to which no response is required. Further answering, the cited statutes speak for themselves, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 118.

119.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and therefore, those allegations are denied.

120.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and therefore, those allegations are denied.

121.     Paragraph 121 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121.

122.     Paragraph 122 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 122.

123.     Paragraph 123 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 123.

124.     Paragraph 124 contains legal conclusions to which no response is required. Further answering, the cited statutes speak for themselves, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 124.

125.     Defendants deny the allegations in Paragraph 125.

126.     Defendants deny the allegations in Paragraph 126.

127.     Defendants deny the allegations in Paragraph 127.

128.     Defendants deny the allegations in Paragraph 128.

129.     Defendants deny the allegations in Paragraph 129.

130.     Defendants deny the allegations in Paragraph 130.

131.     Defendants deny the allegations in Paragraph 131.

132.     Defendants deny the allegations in Paragraph 132.

133.     Defendants deny the allegations in Paragraph 133.

134.     Paragraph 134 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 134.

135.     Paragraph 135 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 135.

136.     Paragraph 136 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 136.

137.     Paragraph 137 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 137.

138.     Paragraph 138 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 138.

139.     Defendants deny the allegations in Paragraph 139.

140.     Defendants incorporate all answers and defenses in the preceding paragraphs.

141.     Defendants admit that Plaintiffs assert the claims described in Paragraph 141, but Defendants deny that Plaintiffs are entitled to relief.

142.     Paragraph 142 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 142.

143.     Paragraph 143 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 143.

144.     Paragraph 144 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 144.

145.     Defendants admit the allegations in Paragraph 145.

146.     Paragraph 146 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 146.

147.     Paragraph 147 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 147.

148.     Paragraph 148 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 148.

149.     Defendants admit that Jennifer Kucera is a registered voter in Ohio. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, and therefore, those allegations are denied.

150.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150, and therefore, those allegations are denied.

151.     Paragraph 151 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 151.

152.     Paragraph 152 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 152.

153.     Paragraph 153 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 153.

154.     Paragraph 154 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 154.

155.     Paragraph 155 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 155.

156.     Paragraph 156 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 156.

157.     Paragraph 157 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 157.

158.     Paragraph 158 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 158.

159.     Defendants incorporate all answers and defenses in the preceding paragraphs.

160.     Defendants admit that Plaintiffs assert the claim described in Paragraph 160, but Defendants deny that Plaintiffs are entitled to relief.

161.     Paragraph 161 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 161.

162.     Paragraph 162 contains legal conclusions to which no response is required. Further answering, the cited authorities speak for themselves, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 162.

163.     Paragraph 163 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 163.

164.     Paragraph 164 contains legal conclusions to which no response is required. Further answering, the cited case speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 164.

165.     Paragraph 165 contains legal conclusions to which no response is required. Further answering, the cited statutes speak for themselves, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 165.

166.     Paragraph 166 contains legal conclusions to which no response is required. Further answering, the cited statutes speak for themselves, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 166.

167.     Defendants deny the allegations in Paragraph 167.

168.     Defendants deny the allegations in Paragraph 168.

169.     Defendants deny the allegations in Paragraph 169.

170.  Defendants deny the allegations in Paragraph 170.

171.  Defendants deny the allegations in Paragraph 171.

172.  Paragraph 172 contains legal conclusions to which no response is required. Further answering, the cited cases speak for themselves, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 172.

173.  Paragraph 173 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 173.

174.  Defendants deny the allegations in Paragraph 174.

175.  Defendants deny the allegations in Paragraph 175.

176.  Defendants deny the allegations in Paragraph 176.

177.  Defendants incorporate all answers and defenses in the preceding paragraphs.

178.  Defendants admit that Plaintiffs assert the claim described in Paragraph 178, but Defendants deny that Plaintiffs are entitled to any relief.

179.  Paragraph 179 contains legal conclusions to which no response is required. Further answering, the cited case speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 179.

180.  Defendants deny the allegations in Paragraph 180.

181.  Defendants deny the allegations in Paragraph 181.

182.  Paragraph 182 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 182.

183. Paragraph 183 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 183.

184. Paragraph 184 contains legal conclusions to which no response is required. Further answering, the cited statutes speak for themselves, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 184.

185. Paragraph 185 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 185.

186. Paragraph 186 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 186.

187. Defendants deny the allegations in Paragraph 187.

188. Exhibit 1 speaks for itself, and no response is required. Defendants deny the remaining allegations in Paragraph 188.

189. Defendants deny the allegations in Paragraph 189.

190. Paragraph 190 contains legal conclusions to which no response is required. Further answering, the cited case speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 190.

191. The Secretary's April 28 letter speaks for itself, and no response is required. The remaining allegations in Paragraph 191 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 191.

192.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192, and therefore, those allegations are denied.

193.      Paragraph 193 contains legal conclusions to which no response is required. Further answering, the cited case speaks for itself, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 193.

194.      Defendants deny the allegations in Paragraph 194.

195.      Defendants deny the allegations in Paragraph 195.

196.      Defendants deny the allegations in Paragraph 196.

197.      Paragraph 197 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 197.

198.      Paragraph 198 contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 198.

199.      Defendants deny the allegations in Paragraph 199.

200.      Any allegations not specifically answered herein, including but not limited to those contained in any titles, footnotes, or section headers, are hereby denied.

201.      Defendants deny that Plaintiffs are entitled to any relief in this matter.

202.      Defendants deny all allegations in Plaintiffs' "WHEREFORE" clause.

WHEREFORE, having answered Plaintiffs' Complaint, Defendants Ohio Secretary of State Frank LaRose and Ohio Attorney General Dave Yost raise the following defenses, including affirmative defenses.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.      This Court lacks subject-matter jurisdiction over Plaintiffs' case.

**SECOND DEFENSE**

2.      Plaintiffs lack standing to bring this Complaint.

**THIRD DEFENSE**

3.      Plaintiffs fail to state a claim upon which relief may be granted.

**FOURTH DEFENSE**

4.      Plaintiffs have not been deprived of any federal constitutional or statutory rights.

**FIFTH DEFENSE**

5.      The challenged laws do not violate the United States Constitution.

**SIXTH DEFENSE**

6.      The challenged laws are supported by sufficient state interests.

**SEVENTH DEFENSE**

7.      The challenged laws do not violate any federal statutes.

**EIGHTH DEFENSE**

8.      Plaintiffs are unable to establish the elements required for injunctive or declaratory relief.

**NINTH DEFENSE**

9.      The doctrine of judicial restraint precludes Plaintiffs' claims.

**TENTH DEFENSE**

10.      The principle of constitutional avoidance bars Plaintiffs' claims.

**ELEVENTH DEFENSE**

11.      The principle of laches bars Plaintiffs' claims.

## TWELFTH DEFENSE

12.     Plaintiffs' requested accommodation would fundamentally alter Ohio laws and the programs offered by Defendants.

## THIRTEENTH DEFENSE

13.     Plaintiffs have not identified a facially reasonable accommodation.

## <u>RESERVATION OF ADDITIONAL DEFENSES</u>

Defendants reserve the right to supplement this Answer with additional defenses, including affirmative defenses, as litigation in this matter proceeds.

Thus, having fully answered Plaintiffs' Complaint, Defendants requests that this Court dismiss Plaintiffs' claims, with prejudice, and that Plaintiffs be awarded no relief, no costs, and no fees.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)*
*\* Counsel of Record*
ANDREW D. McCARTNEY (0099853)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov
Andrew.McCartney@OhioAGO.gov

*Counsel for Defendants Secretary of State*
*Frank LaRose and Ohio Attorney General Dave Yost*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2024, the foregoing Answer was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance.  Parties may access this filing through the Court's system.

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)
Assistant Attorney General