IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO,
EASTERN DIVISION

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF OHIO, et al., | : : : | |
| *Plaintiffs*, | : : | Case No. 1:23-cv-2414 |
| v. | : : | JUDGE BRIDGET M. BRENNAN |
| FRANK LAROSE, et al., | : : : | |
| *Defendants*, | : : | |
| and | : : | |
| REPUBLICAN NATIONAL COMMITTEE, et al., | : : : : | |
| *Intervenor-Defendants*. | : | |

**REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO EXCLUDE OPINION OF KIMBERLY STRACH**

Nothing in the State's Opposition saves Ms. Strach's opinions. As an initial matter, the State makes two important concessions, which cabin any use of Ms. Strach's report and testimony:

*First*, State Defendants concede that they only offer Ms. Strach as an "expert in the detection and investigation of election fraud." ECF 60 (State Defs.' Opposition to Mot. to Exclude Strach) [Opp.] at 4; *see also id.* (emphasizing that Ms. Strach is "not offered as an expert on up-to-date absentee-ballot laws in North Carolina"). Much of Ms. Strach's report exceeds these bounds and should be stricken, including her opinions on how Ohio or North Carolina laws currently operate, Ohio's alleged accommodations for voters with disabilities, and whether Ohio has appropriately balanced concerns about voter access and election integrity. *See, e.g.*, ECF 43-1

(Strach Rpt.) ¶47 (opining on the Challenged Provisions' purpose); *id.* ¶51 (opining on North Carolina election law, incorrectly describing laws held preempted as currently enforced); *id.* ¶89 (opining on the Challenged Provisions' efficacy and reasonableness); *id.* ¶92 (opining on the Challenged Provisions' effect on public confidence in elections); *id.* ¶¶85, 95 (opining on the efficacy of Ohio's voting methods for voters with disabilities).

*Second*, State Defendants contend only that Ms. Strach's opinion is "relevant and helpful" as it relates to Plaintiffs' ADA and RA claims. Opp. 5. They make no effort to explain how her opinions would be relevant or helpful to the Court's analysis of Plaintiffs' VRA claim; nor could they. *See* ECF 48 (Pls.' Mot. to Exclude Strach) [Mot.] at 5 n.2; ECF 51 (Pls.' Mem. in Opposition to State Defs.' Mot. for Summ. J.) at 7-8 (explaining that the State's anticommandeering argument, which cites the Strach Report, is meritless). So the Court should reject any attempt by State Defendants to rely on Ms. Strach for their VRA arguments.

In any event, State Defendants wholly fail to address the central reason to exclude Ms. Strach's opinions in their entirety: that Ms. Strach *lacks sufficient facts and data* to reach the conclusions in her report. *Compare* Mot. 2, 3, *with* Opp. Indeed, State Defendants omit that prong of Rule 702 from their analysis altogether, *see* Opp. 1, even though the case they cite for their rule statement both quotes Rule 702(b)'s "sufficient facts and data" requirement and folds it into the assessment of whether the expert is "reliable." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528-29 (6th Cir. 2008). The State's decision to duck the question, rather than answer it, underscores that Ms. Strach lacks sufficient facts and data to reach her conclusions.

Nor does Ms. Strach's experience bridge the "analytical gap between the data and the opinion proffered" in her report. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). State Defendants cannot connect Ms. Strach's experience to the facts of this case. Opp. 8-9. Ms. Strach

2

testified that, between 2000 and 2019, she took part in three investigations of alleged "ballot harvesting" in North Carolina. ECF 48-1 (Strach Dep.) 130:23-131:13. But Ms. Strach's deposition testimony revealed a basic contrast between those experiences and the facts at issue in this lawsuit: she would not even characterize the relief sought here—for a disabled voter to have one person return their ballot—as "ballot harvesting." Strach Dep. 132:3-7.

Nor do these investigations provide any factual basis beyond Ms. Strach's personal opinion to conclude the Challenged Provisions are reasonable or necessary to safeguard Ohio's elections. *See* Strach Rpt. Sec. IX. Indeed, North Carolina's analogous assistance restrictions were still in place when the schemes she investigated took place. Strach Dep. 192:2-5. Yet, they neither deterred the schemes from occurring, *id.* 192:2-13, nor helped Ms. Strach identify the perpetrator of any scheme she investigated, *id.* 195:5-25. Further, Ms. Strach admitted that several other Ohio laws prohibit the same conduct that North Carolina voters reported to election officials to alert them to those schemes, which demonstrates that enforcement of the Challenged Provisions against voters with disabilities is not necessary to detect such schemes in Ohio either. *Id.* 198:18-201:16.

Ms. Strach's experience investigating large-scale efforts by political actors to manipulate the results of North Carolina's elections is thus not "link[ed] . . . expressly to the facts of this case." *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 296 (6th Cir. 2007). Her personal experience is an insufficient basis for her to assess how the limited relief sought here, to allow disabled voters assistance of a person of their choice, would affect election integrity in Ohio. *See id.*[1] The Court should exclude her opinions.

---

[1] Particularly because the State premises Ms. Strach's purported expertise on "practical experiences," rather than academic training or publications on elections, Opp. 8, her efforts to cherry-pick one line from one privately commissioned report cannot fill the gap between her experience and the facts of this case. *See also* Mot. 7 n.3.

**CONCLUSION**

This Court should grant Plaintiffs' Motion to Exclude Opinion of Kimberly Strach.

| | |
|---|---|
| Date: July 3, 2024 | Respectfully submitted, |

| | |
|---|---|
| */s/ Suzan F. Charlton* | */s/ Megan C. Keenan* |
| Suzan F. Charlton* | Megan C. Keenan* |
| Jacob Zuberi (Bar No. 101383) | AMERICAN CIVIL LIBERTIES UNION |
| Scott Garfing* | 915 15th Street NW |
| Gregory Terryn* | Washington, DC 20001 |
| Hassan Ahmad* | (740) 632-0671 |
| William Ossoff* | mkeenan@aclu.org |
| August Gweon* | |
| COVINGTON & BURLING, LLP | */s/ Sophia Lin Lakin* |
| One CityCenter | Sophia Lin Lakin* |
| 850 Tenth Street NW | AMERICAN CIVIL LIBERTIES UNION |
| Washington, DC 20001 | 125 Broad Street, 18th Floor |
| (202) 662-6000 | New York, NY 10004 |
| scharlton@cov.com | (212) 549-2500 |
| jzuberi@cov.com | slakin@aclu.org |
| sgarfing@cov.com | |
| gterryn@cov.com | */s/ Freda J. Levenson* |
| hahmad@cov.com | Freda J. Levenson (Bar. No. 0045916) |
| wossoff@cov.com | ACLU OF OHIO FOUNDATION, INC. |
| agweon@cov.com | 4506 Chester Avenue |
| | Cleveland, OH 44103 |
| | (216) 541-1376 |
| | flevenson@acluohio.org |
| | |
| | *Attorneys for Plaintiffs* |
| | |
| | *Admitted pro hac vice |

4

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this memorandum does not exceed the 15-page limitation under Northern District of Ohio Local Civil Rule 7.1(f).

> /s/ Megan C. Keenan
> Megan C. Keenan
> *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Megan C. Keenan, an attorney admitted to practice pro hac vice before this court, hereby certify that, on July 3, 2024, the foregoing Reply in Support of Plaintiffs' Motion to Exclude Opinion of Kimberly Strach was filed with the Court and that notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. The parties may access this filing through the Court's electronic filing system.

> /s/ Megan C. Keenan
> Megan C. Keenan
> *Attorney for Plaintiffs*